Manly, J.
 

 This is an appeal, by leave, from an interlocutory order of the Superior Court for Davidson. Pending a suit between the parties for a divorce, a compromise was agreed upon and partly entered of record, some of the conditions of the compromise being omitted. At the term next after the compromise, evidence was laid before the Court, by affidavit, of the omission above stated, and of the non-performance generally, of the conditions; whereupon the Court ordered what was upon the record to be stricken out, and the case to stand upon the docket for trial.
 

 "We think this order cannot be supported, because of
 
 defeet
 
 
 *489
 

 of power
 
 in the Court. Compromises pul; a speedy end to contentions and, therefore, commend themselves to the favorable regal'd of the courts. They are entered of record, and may be enforced by rules upon the respective parties, to perform, and by attachments, if need be. The courts cannot unmake any more than they can make them at pleasure; but will see that they are properly entered upon the records, when made, and faithfully carried into execution, if practicable. Without discussing the powers which the court might have over such compromises, in certain states and conditions of •them, it is sufficient to say that neither the imperfect state of the record, nor the neglect of one party to perform, and the consequent dissatisfaction of the other, would furnish the court with an occasion for the exercise of a power to
 
 abrogate.
 

 This disposes of the question before us, and shows that there is error in the order appealed . from. The proper course would have been to amend the record as to the terms of the compromise
 
 mme pro fame,
 
 so as to make it speaik the. truth, and then to compel itá performance by the exercise of such powers as are usual and proper .with the Court to enforce its rules. The powers of amendment are unquestionable, and the powers to enforce are also clear;
 
 Freeman
 
 v. Morris, Busb. 287 ;
 
 Kirldand
 
 v. Mangum, 5 Jones, 313.
 

 We take this occasion to reaffirm that we interfere with no discretionary power of the superior court. The order, complained of, does not lie within the Court’s discretion, but is a mistaken exercise of power. .
 

 This opinion should be certified to the Court below, to the end, that the said order may be reVersed and the Court proceed.
 

 Per Curiam
 

 Judgment reversed.